IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRENDA LEE HELD,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>                Defendants. | CV 22-137-BLG-SPW-TJC<br><br>**RECOMMENDATION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

Pro se Plaintiff Brenda Lee Held ("Plaintiff") has filed an application to proceed in district court without prepaying fees or costs (Doc. 1) and a proposed Complaint (Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

A plaintiff need not be "absolutely destitute" in order to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960). An affidavit of indigency is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life.

1

*Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335 U.S. at 339).

Here, Plaintiff submitted the form Motion to Proceed in Forma Pauperis reporting a monthly income of $5,200.00 and an average monthly income of $6,000.00 for her spouse. (Doc. 1.) Plaintiff estimates monthly expenses in the amount of $5,848.00 and $4,514.00 for her spouse. (*Id.*) It also appears Plaintiff has considerable assets. (*Id.*) Thus, Plaintiff has not made a sufficient showing that she cannot pay the filing fee and still provide herself with the necessities of life. Therefore, because it appears Plaintiff should be in a position to pay the filing fee for this action, the Motion to Proceed in Forma Pauperis should be denied.

Plaintiff is not entitled to a fourteen-day period to object, therefore, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Watters.

**SO ORDERED**.

DATED this 9th day of January, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

Based upon the above Recommendation by Judge Cavan, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Proceed in forma pauperis (Doc. 1) is **DENIED**.

2. Plaintiff may pay the full filing fee of $402.00 within thirty days of the date this Order is entered as indicated on the Notice of Electronic Filing.

3. The Complaint shall be deemed dismissed and the Clerk of Court shall close the file if full payment of the filing fee is not received within forty days of the date this Order is entered as indicated on the Notice of Electronic Filing.

4. At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED**.

DATED this ____ day of _____, 2023.

_____
SUSAN P. WATTERS
United States District Judge