IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRENDA LEE HELD,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA et al.<br><br>　　　　　　　Defendants. | CV 22-137-BLG-SPW-TJC<br><br><br>**ORDER** |

Defendant Herring Law Office, P.C. ("HLO") has filed a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 21.) The motion is fully briefed and ripe for the Court's review. (*See* Docs. 22, 25, 32.)

For the reasons discussed below, Defendant's Motion for a More Definite Statement is GRANTED.

**I.　　BACKGROUND**

Plaintiff Brenda Lee Held initiated this action on December 8, 2022, by filing a "Redress of Grievances" along with a motion for leave to proceed in forma pauperis. (Docs. 1, 2.) On January 10, 2023, the Court issued an Order denying Held's motion and providing that Held may proceed by paying the filing fee within 30 days of the Order. (Doc. 6 at 3.) The Clerk of Court received Held's filing fee on February 7, 2023, but Held never provided the Clerk any summonses to be

1

issued.  With greater than one year having elapsed, on February 21, 2024, the Court ordered Held to appear in writing to show cause as to why this case should not be dismissed for failure to effect service.  (Doc. 8.)  On March 21, 2024, Held filed a response to the Court's Order, stating, i.a., that she "ha[d] been waiting to file summons in the event there are deficiencies in the initial complaint" and that she had "delayed an amended complaint," but was otherwise "ready to proceed" with it.  (Doc. 9 at 7–9.)

Based on Held's representations, the Court concluded that this action should not be dismissed for failure to effect service.  (Doc. 12.)  On May 6, 2024, the Court issued an Order that Held either (1) file an amended complaint by June 5, 2024, or (2) provide to the Clerk any summonses to be issued as to the original complaint—her Redress of Grievances—and ensure that all defendants were served within 90 days.  (*Id.* at 3.)

Held did not file an amended complaint by June 5, 2024.  On July 23, however, Held filed a "Supplemental Cause" further detailing her allegations against several of the defendants named in her Redress of Grievances and seeking to add several new defendants to this action.  (Doc. 13 at 3–5.)

HLO, as a defendant named in both the Redress of Grievances and the Supplemental Cause, has filed this motion for a more definite statement under Rule 12(e).

2

## II. DISCUSSION

HLO asserts that, even considering the Supplemental Cause together with the Redress of Grievances, Held's pleadings "are highly confusing on their face and fail to provide any clear indication of which named defendants engaged in which alleged conduct and what causes of action are actually asserted against which defendants." (Doc. 22 at 2.)

### A.   Held's Supplemental Cause

When Held filed her Supplemental Cause, she characterized it as "an addition to the initial complaint," with that initial complaint, the Redress of Grievances, "incorporated herein by reference in its entirety." (Doc. 13 at 3.)

Ordinarily, an amended complaint supersedes the original complaint and may not incorporate by reference any parts of the original complaint. *Furnace v. Sullivan*, 2008 WL 4856826, at *7 (N.D. Cal. Nov. 10, 2008) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012)); *Ellis v. Baker*, 2007 WL 2995797, at *2 (D. Ariz. Oct. 12, 2007) (citing *London*, 644 F.2d at 814); *Stinson v. Bd. of Prison Terms*, 2007 WL 48887, at *3 (N.D. Cal. Jan. 5, 2007) (citing *London*, 644 F.2d at 814). "Filing separate documents that are intended to be read together as a single complaint . . . is not the proper procedure for amending a complaint. To add, omit, or correct information in the operative

complaint, [the] plaintiff must file an amended complaint that is complete within itself." *McClintock v. Valencia*, 2021 WL 2417781, at *1 (E.D. Cal. June 14, 2021).

With that said, Rule 15 of the Federal Rules of Civil Procedure allows for the filing of supplemental pleadings. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In other words, even under the appropriate circumstances, a supplemental pleading can only be filed with the permission of the court. *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015).

Here, the Court is inclined to construe Held's Supplemental Cause as a supplemental pleading under Rule 15(d). It is true that Held did not file a motion seeking permission from the court to specifically serve a supplemental pleading, and the Court granted leave to Held to file an "amended complaint," not a supplemental pleading. (*See* Doc. 12 at 3.) The Ninth Circuit has discouraged this type of strict adherence to "form over substance," however, and has upheld the discretion of the district court to "treat[] the prior order as granting plaintiff leave to file a supplemental pleading under Rule 15(d) instead of an amended complaint pursuant to Rule 15(a)." *Northstar Fin. Advisors*, 779 F.3d at 1043–44, 1048; *see*

4

*also Greenwich Inv. Mgmt. Inc. v. Aegis Capital Corp.*, 2024 WL 1156568, at *7 (D. Ariz. Mar. 18, 2024). In addition, the Supplemental Cause properly includes subject matter that postdates the filing of her Redress of Grievances. (*See* Doc. 13 at 23–25.)

With that said, even when construing the May 6 Order as granting leave to Held to file a supplemental pleading, the Court directed that such a pleading was to be filed "[o]n or before **June 5, 2024**." (Doc. 12 at 3 (emphasis in original).) Held filed her Supplemental Cause on July 23. Thus, to the extent Held intended the Supplemental Cause as an amended (or supplemental) complaint pursuant to the Court's May 6 Order, she failed to comply with the deadline set forth therein.

Nevertheless, for purposes of this motion for a more definite statement, the Court will construe Held's filing as a supplemental pleading to determine whether the pleadings, taken together, provide sufficient notice to HLO of the claims against it and allow HLO to reasonably prepare a response.

**B.    HLO's Motion for a More Definite Statement**

HLO asserts that Held's pleadings "are so confusing, rambling, vague and ambiguous that [HLO] cannot reasonably prepare an answer, including asserting any applicable affirmative defenses, or even really understand what Held alleges it did improperly." (Doc. 22 at 2.) Thus, HLO requests that Held "be ordered to produce a more coherent and detailed complaint." (*Id.* at 4.) In response, Held

5

argues that HLO's motion "fails to recognize the spirit of fairness and the principle that pleadings need only provide sufficient notice of the claims, not exhaustive detail." (Doc. 25 at 5.)

>Rule 12(e) of the Federal Rules of Civil Procedure provides in full:
>
>A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).[1] A motion under Rule 12(e) is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice" to the defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Courts should grant a defendant's Rule 12(e) motion when, "[g]iven the number and diversity of named defendants and the breadth of the allegations," the complaint "does not properly notify individual defendants of the allegations with which they are charged." *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (quoting the district court's analysis with favor). "A Rule 12(e) motion is proper only if the

---

[1] Because a motion under Rule 12(e) does not dispose of any claim made by a plaintiff, it is a non-dispositive matter for which a magistrate judge is granted authority to issue orders under Rule 72 and 28 U.S.C. § 636(b)(1)(A). *See O'Callaghan v. City of Portland*, 2019 WL 8226176, at *2 n.1 (D. Or. Sept. 24, 2019) (collecting cases).

complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, *i.e.*, so vague that the defendant cannot begin to frame a response." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010).

Here, the Court agrees that Held's Redress of Grievances fails to specify her allegations in a manner that provides sufficient notice to HLO. As HLO points out, it appears that HLO is only mentioned once in the Redress of Grievances, where she merely lists the identities of the parties. (*See* Doc. 2 at 7; *see also* Doc. 32 at 2.) Otherwise, there appear to be no allegations directed at HLO. Held makes allegations regarding the actions of "Defendants," such as where she states that "Defendants have misrepresented and mislead [sic] Brenda throughout the court process and under color of law." (Doc. 2 at 10.) Given the number and diversity of named defendants, however—including, but not limited to, the governor, a city court judge, and the department of motor vehicles—such allegations against Defendants do not properly notify HLO of the allegations with which it is charged. Further, when considering the breadth of the conclusory allegations—which include, but are not limited to, "misenforcement of MCA traffic statutes" (*id.* at 15), giving "aid and comfort to those . . . whose acts are subversive to the United States" (*id.* at 17), and "violating the . . . 8[th], 9th and 10th Commandments of GOD" (*id.*)—HLO cannot reasonably be expected to ascertain the nature of the claim being asserted against it or begin to frame a response.

7

Therefore, the Court agrees with HLO that Held's Redress of Grievances is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Accordingly, IT IS ORDERED that Held shall furnish a more definite statement in the form of an amended complaint.

### C.     Amended Complaint

Held is advised that the amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of a previous complaint by reference. Once Held files an amended complaint, it replaces all prior pleadings, which no longer serve a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Held is further advised that Rule 8 of the Federal Rules of Civil Procedure requires a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege "the grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted).

Held must organize her amended complaint with headings identifying (1) the name of the defendant, and (2) the claim she is alleging. Under each heading, Held must include the specific factual allegations relating to that claim. Held must use

8

dates or approximate dates and shall not include unnecessary and unrelated details when alleging a specific claim. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Held must provide specific factual allegations for each of her claims and must state with specificity to which defendants each of her claims apply. If Held fails to affirmatively link the conduct of a defendant with an injury suffered, the claim against that defendant will be subject to dismissal for failure to state a claim.

Where Held alleges the deprivation of her rights by state actors under color of law, pursuant to 42 U.S.C. § 1983, her amended complaint must consist of short, plain statements telling the Court: (1) the rights Held believes were violated; (2) the names of the defendants who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Held's rights; (5) when the alleged actions took place; and (6) what injury Held suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. at 362, 371–72, 377 (1976). Held must repeat this process for each defendant.

Held is further advised that if she fails to timely comply with every provision of this Order, her case may be dismissed. *Ferdik*, 963 F.2d at 1260–61. This includes dismissal for failure to comply with the Court's requirements for a more definite statement. *McHenry*, 84 F.3d at 1180 (citing Fed. R. Civ. P. 41(b)).

Finally, Held is advised that the Eleventh Amendment bars suit in federal court against a state or state agency absent an express waiver of immunity by the State. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989). One exception to the Eleventh Amendment's general prohibition is a suit seeking "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).

### D. Other Pending Motions

Defendants State of Montana, Attorney General Austin Knudsen, Governor Greg Gianforte, Montana Department of Motor Vehicles, and Laurie Bakri (collectively, "State Defendants") have also filed a Motion To Dismiss pursuant to Rule 12(b)(6). (Doc. 28.) State Defendants' motion targets Held's Redress of Grievances (*see* Doc. 29 at 9–10), which shall have no legal effect going forward in this case as a consequence of this Order and Held's filing of an amended complaint. Accordingly, State Defendants' Motion To Dismiss is moot, and will be denied on that basis. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008

(9th Cir. 2015). Denial is without prejudice and with leave to refile upon the filing of Held's amended complaint, if necessary.

In addition, Held has filed a Motion To Strike (Doc. 36), wherein she asks the Court to strike certain portions of State Defendants' reply brief filed in support of their Motion To Dismiss. Because State Defendants' Motion To Dismiss is moot, Held's Motion To Strike is also moot.

### III. CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. HLO's Motion for a More Definite Statement (Doc. 21) is GRANTED.

2. State Defendants' Motion To Dismiss (Doc. 28) is DENIED as moot.

3. Held's Motion To Strike (Doc. 36) is DENIED as moot.

4. Held shall file an amended complaint on or before **March 7, 2025**. If Held seeks an extension of time, she must file a motion pursuant to Rule 6(b)(1)(A) requesting the extension. Unless Held files and the Court grants such a motion, a failure to file an amended complaint by **March 7, 2025,** will result in a Recommendation that this case be dismissed.

DATED this 11th day of February, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge