IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRENDA LEE HELD,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>            Defendants. | CV 22-137-BLG-SPW<br><br>ORDER DENYING MOTION<br>FOR RELIEF FROM<br>JUDGMENT |

Before the Court is Plaintiff Brenda Lee Held's Motion for Relief from Judgment. (Doc. 70). Pursuant to Federal Rule of Civil Procedure 60(b)(1), the Motion seeks relief from the Court's prior dismissal under Rule 41(b). (*Id.* at 1). Defendants filed responses opposing the Motion. (Docs. 71, 72). Held replied. (Doc. 73). For the following reasons, the Court denies Held's Motion.

## I.      Background

On July 28, 2025, United States Magistrate Judge Timothy J. Cavan recommended dismissal of Held's amended complaint without prejudice based on her failure to prosecute and failure to comply with a court order. (Doc. 56 at 3–4). On August 15, 2025, this Court adopted Judge Cavan's recommendation and dismissed the complaint without prejudice. (Doc. 61 at 4). The Clerk of Court entered judgment on August 19, 2025. (Doc. 62).

1

On September 12, 2025, Held moved for reconsideration under Rule 59(e). (Docs. 63, 63-1). She then filed a notice of appeal to the Ninth Circuit on October 14, 2025. (Docs. 65–66). The Court denied her motion for reconsideration on October 27, 2025, concluding that Held failed to satisfy any basis for reconsideration and that her filing "reflect[ed] an attempt to relitigate matters already resolved." (Doc. 67 at 4). Held also filed another post-judgment submission—a Petition for Correction Ex Debito Justitiae—asserting "jurisdictional error." (Doc. 64). The Court denied that request on November 18, 2025, finding no jurisdictional defect and no basis for relief under Rules 59(e), 60(a), or 60(b). (Doc. 68).

Held has now filed her third post-judgment motion, this time invoking Rule 60(b)(1) and asserting excusable neglect and mistake based on her failure to docket responsive pleadings and to monitor PACER. (Doc. 70).

## II.    Discussion

As an initial matter, because Held's case is now before the Ninth Circuit, this Court's authority to grant Rule 60(b) relief is limited. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("[F]iling of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Under Rule 62.1(a), the Court may (1) defer consideration of the Motion, (2) deny it, or (3) state that it would grant the Motion or that the Motion raises a substantial issue.

2

Turning to the substance of the Motion, Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." However, "[n]either ignorance nor carelessness on the part of the litigant . . . provide[s] grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N. R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)). Likewise, "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

Held asserts two grounds for relief—excusable neglect and mistake. The Court addresses each in turn and, exercising its discretion under Rule 62.1, denies the Motion.

### A.    Excusable Neglect

Whether neglect is excusable is an equitable determination and "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer v. Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). None of these factors support relief.

First, the danger of prejudice weighs against reopening the case. "The law presumes injury from unreasonable delay." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). That presumption applies here. More than eight months have passed since dismissal, and Held's failure to prosecute and disregard of court orders were the central reasons the case was dismissed. During that time, Defendants complied with all rules and orders and expended resources litigating in good faith. Granting relief at this stage would require Defendants to reengage in litigation they were entitled to consider final, imposing additional costs and undermining the finality of judgment. This factor therefore weighs against relief.

Second, the length of the delay also weighs against Held. The delay here was substantial. Held waited nearly 200 days after dismissal to file this Motion and seeks to reopen a case filed over three years ago. She previously allowed multiple dispositive motions to go unanswered, did not respond to Judge Cavan's Order to Show Cause despite an explicit warning that dismissal could result, and then waited until after judgment and two post-judgment motion denials to advance yet another theory for reopening the case. Given the extended delay and the resulting prejudice to Defendants, this factor also weighs against relief.

Third, the reason for the delay does not support Held's request. The delay was entirely within her control. Held claims she misunderstood the requirement to file documents electronically, but her submissions reflect a deliberate effort to

circumvent PACER and the Federal Rules of Civil Procedure—not a technical misunderstanding of PACER. The Court has already found that her "Bill of Peace" "appears to reflect a conscious decision not to follow the rules of procedure, rather than a circumstance that deprived her of fairness." (Doc. 67 at 4). Her other conduct is consistent with that finding. Despite clear deadlines, pending motions to dismiss, and an explicit show-cause warning, Held chose not to file any document labeled as a response, objection, or motion, sought no extensions, and claims to have stopped monitoring the docket. The mailing records she now offers to suggest compliance only underscore the problem: the documents were labeled "Sacred Scrolls," Records of Private Lodgment," and similar non-responsive titles. (Doc. 70-1). A litigant's misunderstanding of filing procedures or the Federal Rules of Civil Procedure does not constitute excusable neglect. *See Engleson*, 972 F.2d at 1043; *Pioneer*, 507 U.S. at 392. This factor therefore weighs against relief.

Finally, the good-faith factor also weighs against Held. Although there is no direct evidence of intentional misconduct, the record reflects a pattern of repeated noncompliance with court orders and procedural rules. The Ninth Circuit has recognized that persistent disregard of court directives and procedural requirements can undermine a claim of good faith. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1060 (9th Cir. 2001). A litigant's pro se status does not excuse repeated failures to follow court instructions. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Held's

asserted misunderstanding does not explain her failure to comply with explicit orders or her continued attempts to relitigate issues already decided. The documents she identifies as responses to the motions to dismiss do not appear to have been responsive. (*See* Doc. 70 at 2; Doc. 70-1). The pattern of noncompliance, combined with the absence of any new facts or circumstances supporting this third request for relief, defeats any claim of good faith.

Because all four factors weigh against Held, she has not met the standard for excusable neglect.

### B.    Mistake

Rule 60(b)(1) permits relief from judgment based on "mistake," but the Ninth Circuit construes this provision narrowly. It is not designed to relieve a party from the consequences of their own litigation decisions, misunderstandings of court procedures, or failures to follow clear instructions. *See Latshaw*, 452 F.3d at 1101–02. Nor does Rule 60(b)(1) provide a vehicle for relitigating issues already decided or revisiting strategic or procedural choices that later prove unsuccessful. *Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995).

Held contends that her failure to comply with the show-cause order resulted from a "mistake"—specifically, a misunderstanding that filings needed to be submitted through the Court's electronic filing system. This argument falls outside the scope of Rule 60(b)(1). The Court's orders were clear, and Held was expressly

6

warned that failure to respond could result in dismissal. A misunderstanding of filing procedures does not constitute the type of mistake that warrants reopening a final judgment. *See Latshaw*, 452 F.3d at 1101.

Moreover, the asserted mistake was entirely within Held's control and does not excuse her failure to comply with explicit court directives. Until now, Held has consistently argued not that she misunderstood PACER, but that the Court erred by docketing her submissions in PACER at all. (*See, e.g.*, Doc. 64 at 6; Doc. 63-1 at 2). She repeatedly claimed that the Court's treatment of her filings constituted "constructive fraud," a "breach of fiduciary duty," and an "ultra vires trespass." (Doc. 64 at 12–13). After the Court denied her first two post-judgment motions, she filed a "Sacred Bill of Exceptions," again asserting that the Court's failure to treat her non-PACER submissions as she preferred "constitute[d] procedural fraud and sacred breach." (Doc. 69 at 45). Having advanced this theory repeatedly, Held now reframes her conduct as a mistake.

Rule 60(b)(1) does not protect litigants from the foreseeable consequences of disregarding the Court's rules and clear instructions. Because Held has not demonstrated a qualifying mistake under Rule 60(b)(1), relief is not warranted.

/ / /

/ / /

/ / /

/ / /

## III.   Conclusion

IT IS HEREBY ORDERED that Plaintiff Brenda Lee Held's Motion for

Relief from Judgment (Doc. 70) is DENIED.

DATED this _____5th_____ day of May, 2026.

SUSAN P. WATTERS
United States District Judge